# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN E. CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-01482 |
| | ) | |
| CVS PHARMACY, INC. | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF JESSICA AUSTIN

I, Jessica Austin, declare as follows:

1.  I am over twenty-one (21) years of age. The information in this declaration is true and correct and based upon my personal knowledge and documents as to which I have access and/or control that are regularly created and maintained in the ordinary course of the business of CVS Health.

2.  This declaration is given voluntarily. I have not been promised any benefit, coerced, or threatened in any manner in exchange for the testimony in this declaration.

3.  I am currently employed as Director, HR Shared Services – Talent Acquisitions Operations at CVS Health.

4.  CVS Health has CVS Health Arbitration Agreements, under which participating employees and CVS Health each waive the right to pursue employment-related claims in court and agree to submit such disputes to binding arbitration.

5.  In my role at CVS Health, I am familiar with and responsible for maintaining records of executed CVS Health Arbitration Agreements by newly hired and re-hired employees during the employee onboarding process through the StarSource application.

6.     Attached hereto as **Exhibit A** is a true and correct copy of Kevin Carter's executed CVS Health Arbitration Agreement from the StarSource application dated November 2, 2016.

7.     The executed CVS Health Arbitration Agreement states, in pertinent part,

>      1.     **Mutual Agreement to Arbitrate**. Under this Agreement, [Carter] and CVS agree that any dispute between [Carter] and CVS that is covered by this Agreement ("Covered Claims") will be decided by a single arbitrator through final and binding arbitration only and will not be decided by a court or jury or any other forum, except as otherwise provided in this Agreement.
>
>      2.     **Claims Covered by this Agreement**. Except as otherwise stated in this Agreement, Covered Claims are any and all claims, disputes or controversies that CVS may have, now or in the future, against [Carter] or that [Carter] may have, now or in the future, against CVS or one of its employees or agents, arising out of or related to [Carter's] employment with CVS or the termination of [Carter's] employment.
>
>      Covered Claims include but are not limited to disputes regarding wages and other forms of compensation ... leaves of absence, harassment, discrimination, retaliation and termination arising under the Civil Rights Act of 1964, Americans with Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act . . . and other federal, state and local statutes, regulations and other legal authorities relating to employment. Covered Claims also include disputes arising out of or relating to the validity, enforceability or breach of this Agreement ... .

**Exhibit A** at p. 1.

8.     The executed CVS Health Arbitration Agreement also provided Carter with the opportunity to opt out of arbitration. Specifically, the executed CVS Health Arbitration Agreement provided, in relevant part:

>      7.     **Your Right to Opt Out of Arbitration.** Arbitration is not a mandatory condition of [Carter's] employment at CVS. If You wish, [Carter] can opt out of this Agreement for a limited time and, by doing so, not be bound by its terms. To opt out, [Carter] must mail a written, signed and dated

- 2 -

letter stating clearly that You wish to opt out of this Agreement to CVS Health, P.O. Box 969, Woonsocket, RI 02895. <u>In order to be effective, Your opt out notice must be postmarked no later than **30 days** after the date you agree to the Agreement below.</u>

8(f).   **Non-Retaliation**.   It is against CVS policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement, to opt out of this Agreement or to challenge this Agreement. If You believe that You have been retaliated against, You should immediately report it to the CVS Human Resources Department or Ethics Line. This Agreement does not in any way alter the at-will employment status between You and CVS.

**Exhibit A** at p. 2 (emphasis in original).

9.    In my role at CVS Health, I have access to records of the CVS Health employees who have opted out of the CVS Health Arbitration Agreement.

10.    Kevin Carter did not opt out of the CVS Health Arbitration Agreement.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

September ___, 2018

JESSICA AUSTIN

# EXHIBIT A

# CVS HEALTH ARBITRATION AGREEMENT

1. **Mutual Agreement to Arbitrate Claims.** The employee named below will be referred to here as "Employee," "You" or "Your". CVS Pharmacy, Inc., including its affiliates, successors, subsidiaries and/or parent companies will be referred to here as "CVS" or "Company". Under this Agreement, You and CVS agree that any dispute between You and CVS that is covered by this Agreement ("Covered Claims") will be decided by a single arbitrator through final and binding arbitration only and will not be decided by a court or jury or any other forum, except as otherwise provided in this Agreement.

2. **Claims Covered by this Agreement.** Except as otherwise stated in this Agreement, Covered Claims are any and all claims, disputes or controversies that CVS may have, now or in the future, against You or that You may have, now or in the future, against CVS or one of its employees or agents, arising out of or related to Your employment with CVS or the termination of Your employment. Covered Claims include but are not limited to disputes regarding wages and other forms of compensation, hours of work, meal and rest break periods, seating, expense reimbursement, leaves of absence, harassment, discrimination, retaliation and termination arising under the Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act ("ERISA"), Genetic Information Non-Discrimination Act, and other federal, state and local statutes, regulations and other legal authorities relating to employment. Covered Claims also include disputes arising out of or relating to the validity, enforceability or breach of this Agreement, except as provided in paragraph 6, below, regarding the Class Action Waiver.

3. **Claims Not Covered by this Agreement.** This Agreement does not apply to claims raised in litigation pending as of the date You first received the Agreement or claims by You for workers compensation, state disability insurance or unemployment insurance benefits or claims for benefits under an employee benefit plan. This Agreement does not prevent or excuse You (either individually or together with others) or CVS from using the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the use of such procedures. This Agreement does not prohibit You or CVS from filing: a motion in court to compel arbitration; a motion in court for temporary or preliminary injunctive relief in connection with an arbitrable controversy; or an administrative charge or complaint with any federal, state or local office or agency, including but not limited to the U.S. Department of Labor, Equal Employment Opportunity Commission or National Labor Relations Board. Also excluded from this Agreement are disputes that may not be subject to a pre-dispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act or any other binding federal law or legal authority.

4. **Arbitration Proceedings.**

a. **Initiation of a Claim.** All claims in arbitration are subject to the same statutes of limitation that would apply in court. To initiate a claim, You or CVS must make a written demand for arbitration and deliver it (i) by hand or first class mail to the other party and (ii) by hand or first class mail or electronically to the American Arbitration Association ("AAA") within the applicable statute of limitations period. Otherwise, the claim will be waived as provided for by applicable law. An Employee may seek assistance from the AAA regarding the initiation of a claim by calling 877-495-4185 or sending an email to casefiling@adr.org.

b. **The Written Demand.** The written demand for arbitration must: identify the parties; state the legal and factual basis of the claim(s); and state the specific remedy or damages sought. Any written demand for arbitration made to CVS must be directed to the CVS Legal Department (ATTN: VP, Employment Law), One CVS Drive, Woonsocket, RI 02895. Any written demand for arbitration to the Employee will be sent to the last home address on file with the Company. The arbitrator will resolve all disputes regarding the timeliness of the demand for arbitration.

c. **Rules and Procedures.** The arbitration will be administered by the American Arbitration Association ("AAA") and will be conducted in accordance with the Employment Arbitration Rules and Mediation Procedures of the AAA ("AAA Rules") then in effect. The AAA Rules can be found at the AAA website (www.adr.org), by calling the AAA at 800-778-7879, or by requesting a copy from the CVS Human Resources Department. Pursuant to the AAA Rules, the parties will select the arbitrator by mutual agreement and will have the opportunity to conduct discovery, bring dispositive motions, be represented by attorney(s) (or not, as they prefer) and present witnesses and evidence at a hearing. Unless You and CVS agree otherwise, the location of the arbitration hearing will be no more than 45 miles from the place where You are or were last employed by CVS. The Federal Rules of Evidence will apply. The arbitrator will follow the substantive law applicable to the case and may award only those remedies that would have been available had the matter been heard in court. Judgment may be entered on the arbitrator's decision and enforced in any court having jurisdiction.

d. **Costs and Fees.** CVS will pay all costs and expenses charged by the AAA or the arbitrator, including but not limited to the arbitrator's fees, except that, for claims You initiate, You will be responsible to pay the claim initiation fee charged under the AAA Rules; however, if Your claim initiation fee exceeds what a court in the jurisdiction would have charged You for filing a lawsuit based on Your claims, then You will be responsible only for the amount that the court would have charged, and CVS will pay the remaining amount to the AAA. Each party will pay its own litigation costs and attorneys' fees, if any. However, if any party prevails on a claim which affords the prevailing party attorneys' fees and litigation costs, the arbitrator is authorized to award attorneys' fees and/or litigation costs under the same standards a court would apply under applicable law.

5.   **Pre-Hearing Mediation.**  Prior to the arbitration hearing of any Covered Claim, You and CVS may engage in non-binding mediation under the employment mediation procedures of the AAA. If You and CVS agree to participate in mediation, CVS will pay all fees and costs charged by the AAA or the mediator.

6.   **Waiver of Class, Collective and Representative Actions ("Class Action Waiver").**  You and CVS agree to bring any Covered Claims in arbitration <u>on an individual basis only</u>; You and CVS waive any right or authority for any Covered Claims to be brought, heard or arbitrated as a class, collective, representative or private attorney general action.  The Class Action Waiver does not apply to any claim you bring as a private attorney general solely on your own behalf and not on behalf of or regarding others.  Notwithstanding any other provision of this Agreement or the AAA Rules, disputes regarding the validity, enforceability or breach of the Class Action Waiver will be resolved only by a civil court of competent jurisdiction and <u>not</u> by an arbitrator.  If, despite this Class Action Waiver, You file or participate in a class, collective or representative action in any forum, You will not be retaliated against, disciplined or threatened with discipline.  However, CVS will seek enforcement of this Agreement and the Class Action Waiver under the Federal Arbitration Act and seek dismissal of such class, collective or representative actions or claims.

7.   **Your Right to Opt Out of Arbitration.**   Arbitration is not a mandatory condition of Your employment at CVS.  If You wish, You can opt out of this Agreement for a limited time and, by doing so, not be bound by its terms.  To opt out, You must mail a written, signed and dated letter stating clearly that You wish to opt out of this Agreement to CVS Health, P.O. Box 969, Woonsocket, RI 02895.  <u>In order to be effective, Your opt out notice must be postmarked no later than **30 days** after the date you agree to the Agreement below</u>.

8.   **Other Provisions.**

a.   **Adequate Consideration.**  Both parties agree that the promises made in this Agreement by You and by CVS to arbitrate disputes, rather than litigate them before courts or other bodies, provide good and sufficient consideration for each other.

b.   **Entire Agreement.**  This Agreement is the full and complete agreement between You and CVS relating to the formal resolution of Covered Claims.  Neither party is relying on any representations, oral or written, about the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

c.   **Severability.**  If any portion of this Agreement is adjudged to be unenforceable, the remainder of this Agreement will remain valid and enforceable. In any case in which (a) a dispute is filed as a class, collective, representative or private attorney general action and (b) a civil court of competent jurisdiction finds part of the Class Action Waiver unenforceable, the action to that extent must be litigated in a civil court of competent jurisdiction, but the portion of the Class Action Waiver that is enforceable will be enforced in arbitration.  If the Class Action Waiver is adjudged completely unenforceable, You and CVS agree that this Agreement is otherwise silent as to any party's ability to bring a class, collective or representative action in arbitration.

d.   **Governing Law.**  This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce.

e.   **Effective Date and Term.**  This Agreement takes effect immediately upon agreement by You and, unless you opt out as specified above, survives the termination of employment with CVS.

f.   **Non-Retaliation.**  It is against CVS policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement, to opt out of this Agreement or to challenge this Agreement.  If You believe that You have been retaliated against, You should immediately report it to the CVS Human Resources Department or Ethics Line.  This Agreement does not in any way alter the at-will employment status between You and CVS.

9.   **Statement of Assent and Understanding.  By signing below, You acknowledge that You have carefully read this Agreement, that you understand and agree to its terms, that You have had the chance to ask questions about the Agreement, and that you have had or will have the chance to consult with your own legal counsel before the end of the opt out period described above.  You enter into the Agreement voluntarily and not in reliance on any promises or representations made by CVS other than those in the Agreement itself.  <u>You understand that by agreeing to this Agreement and not opting out, You and CVS are giving up the right to go to court to resolve Covered Claims and giving up the right to bring or participate in a class, collective or representative action brought on behalf of or regarding others on Covered Claims</u>.**

 AGREED: CVS Pharmacy, Inc.

**kevin          carter**                 _Kevin Carter_                    11/02/2016

Printed Name                    Signature                    Date